IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT DAVIS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:20-cv-00218 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| J.C. STREEVAL, ) | United States District Judge |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Vincent Davis, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Davis asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), he is actually innocent of the crime for which he was convicted. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (allowing § 2241 challenge to federal conviction). Davis has also filed a motion to stay execution of the petition. Respondent has filed a response in opposition to the petition, arguing that the court lacks jurisdiction over the petition, Davis has procedurally defaulted his claim, and the claim fails on the merits.

For the reasons set forth herein, the court concludes that jurisdiction is lacking over Davis's § 2241 petition and will, therefore, dismiss it. The court will also deny the motion to stay as moot.

I. BACKGROUND

**A. Procedural History**

Davis filed the petition on April 17, 2020. After requesting and being granted an extension of time, respondent filed a response in opposition to the petition, with supporting exhibit, on August 31, 2020. (Dkt. Nos. 4, 6, 7, 7-2.) Although he was notified of his

1

opportunity to file a reply to respondent's opposition and, in fact, requested an extension of time in which to do so, Davis did not file a reply. (Dkt. Nos. 8, 9.)

On February 25, 2021, Davis filed a motion to stay the execution of the petition. (Dkt. No. 11.) Respondent filed an objection to the motion to stay, to which Davis filed a rebuttal. (Dkt. Nos. 13, 14.)

**B. Factual Background**

On December 7, 2015, pursuant to a written plea agreement, Davis pled guilty in the U.S. District Court for the Southern District of Florida to two counts of carjacking, one count of brandishing a firearm during a crime of violence, and one count of being a felon in possession of a firearm. A second count of brandishing was dismissed pursuant to the plea agreement. The district court sentenced Davis on February 29, 2016, to a total of 243 months' imprisonment. He did not appeal.

In July of 2016, Davis filed a motion to vacate sentence under § 2255 in the sentencing court. The court dismissed the motion without prejudice. Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) (holding residual clause of Armed Career Criminal Act (ACCA) to be unconstitutionally vague), Davis filed another motion to vacate in the sentencing court. The court denied the motion on March 31, 2017, finding that carjacking remained a crime of violence under the force clause of the ACCA. Davis appealed, but the Court of Appeals for the Eleventh Circuit dismissed the appeal.

**C. Petition**

Davis's current petition raises a single claim based on the Supreme Court's recent decision in *Rehaif*, 139 S. Ct. at 2194 (holding that the word "knowingly" applied both to defendant's conduct and to defendant's status). (Pet. 6, 11, Dkt. No. 1.) Davis argues that he is

actually innocent of being a felon in possession of a firearm. (*Id.* at 14.) According to Davis, he did not have notice of the true nature of the charges against him and was unaware of the elements the government would have to prove at trial. (*Id.* at 12-13.) Therefore, he contends that he did not knowingly and intelligently enter into the plea agreement and that, as a result, his plea no longer valid in light of *Rehaif*. (*Id.* at 12.)

## II. DISCUSSION

### A. Petition

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Jones*, the Fourth Circuit explained that where a petitioner is challenging the legality of his conviction, § 2255 will be deemed "inadequate or ineffective" only when all of the following conditions are satisfied:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333-34; *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (setting forth similar requirements for challenges to sentences). The *Wheeler* court also affirmed that the

requirements of the savings clause are jurisdictional. 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268 (JLK), 2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting *Hahn v. Moseley*, 931 F.3d 295, 300-01 (4th Cir. 2019)).

Davis claims that he is entitled to relief under *Rehaif*. (Pet. 6, 11.) Respondent opposes the petition based on the court's lack of jurisdiction because Davis's § 2241 petition fails to meet the statutory requirements for relief. (Opp. 8, 10, Dkt. No. 7.) Respondent also contends that Davis has procedurally defaulted his claim and that, in any event, the claim fails on the merits. (*Id.* at 17.)

Section 922(g) "provides that '[i]t shall be unlawful' for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194 (first alteration in original); *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. According to Davis, he lacked knowledge of the true nature of the charges he was facing and of the *Rehaif* elements which the government would have had to prove at trial, and he was

4

not made aware of the status element during the plea colloquy. (Pet. 12-13.) Therefore, Davis suggests that his plea was not knowingly and voluntarily entered, and he is actually innocent of the § 922(g) conviction. (*Id.* at 12-14.) He further states that there is "NO DOUBT [he] would have opted to go to trial, instead of pleading guilty" (*id.* at 14) had he been properly informed.

As noted above, the court may not entertain Davis's § 2241 petition unless he can satisfy the conditions set forth in *Jones*. *See Asar v. Travis*, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) (*Asar I*) ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or *In re Jones*."), *adopted by* 2020 WL 3843638 (D.S.C. July 8, 2020) (*Asar II*). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." *Ledezma-Rodriguez*, 2019 WL 4644556, at *2 (quoting *Wheeler*, 886 F.3d at 425).

Respondent agrees that Davis satisfies the first and third prongs of the *Jones* test. (Opp. 11 n.4.) Davis, however, cannot satisfy the second prerequisite under *Jones*. Since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal, *see, e.g.*, *Asar II*, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); *see also Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); *Hoffman v. Breckon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second

5

prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); and *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019); *accord United States v. Bates*, 960 F.3d 1278, 1284, 1294 (11th Cir. 2020) (affirming § 922(g)(1) conviction after *Rehaif* even though indictment did not allege defendant knew he was a felon and holding that this omission was not a jurisdictional defect because § 922(g)(1) "is a valid federal statute"). Notably, the federal court in Florida agrees. *See Cardenas v. United States*, No.19-10183-CV, 2021 WL 1078182, at *5 (S.D. Fl. Feb. 25, 2021) (rejecting argument that petitioner's felon in possession convictions no longer qualified as crimes and stating that "*Rehaif* did not suggest that § 922(g) is not a valid federal statute and the Eleventh Circuit has held otherwise." (citing *Bates*, 960 F.3d at 1284, 1294-95)), *adopted by* 2021 WL 106229 (S.D. Fl. Mar. 19, 2021).

  Davis cannot meet *Jones's* requirements for use of § 2255's savings clause. Specifically, he cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Therefore, he may not proceed under § 2241. Accordingly, jurisdiction over the petition is lacking, *see Wheeler,* 886 F.3d at 423, and the petition must be dismissed.

**B. Motion to Stay**

Davis has also filed a motion to stay execution of the petition pending the Supreme Court's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974 (2021), *rev'd sub nom. Greer v. United States*, No. 20-244, 2021 WL 2405146 (June 14, 2021). The Supreme Court issued its opinion on June 14, 2021, reversing the Fourth Circuit's decision in *Gary*. *Greer*, 2021 WL 2405146, at *7. Therefore, Davis's motion to stay is moot and will be denied as such.

### III.  CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Davis's petition. Accordingly, the court will dismiss the case without prejudice. An appropriate order will issue this day.

Entered: September 27, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge